**THE LINDEN LAW GROUP, P.C.**
**5 Penn Plaza, 19th Floor**
**New York, New York 10001**
**(212) 655-9536**

October 9, 2026

**Via ECF**

Magistrate Judge Valerie Figueredo
United States District Court, S.D.N.Y.
500 Pearl Street
New York, NY 10007

*Re: Hall v. Vataj*
*Civil Action No: 24-cv-2817 (LGS)*

Dear Judge Figueredo:

This office represents Plaintiff in this matter which is post trial and Judgment.

The Court issued its Judgment at ECF Doc #61 on September 16, 2026 ordering the amount in escrow being held by Walter Ciacci, Esq., Defendant's co-counsel in this matter, be split between the parties. I promptly served this Judgment and its underlying Decision on Walter Ciacci, Esq.

I wrote to Court on September 29, 2026 due to Mr. Ciacci's refusal to disburse the adjudicated funds to my firm's account as attorneys for Plaintiff due to his need for further clarification. I just got off the phone with Mr. Ciacci today.

I unfortunately write yet again because Mr. Ciacci continues to refuse to disburse the adjudicated amount to my firm's IOLTA account on behalf of Plaintiff. Mr. Ciacci cites to a confusion as to whom to disburse the funds. The Court ordered on October 5, 2026:

| | | |
|---|---|---|
| 10/05/2026 | 63 | MEMO ENDORSEMENT on re: 62 Letter, filed by Nancy Hall ENDORSEMENT: Half of the funds held in escrow by Della Mura & Ciacci LLP belong to Plaintiff, as per the Courts opinion on September 15, 2026. Della Mura & Ciacci LLP is hereby directed to disburse half of the funds in the escrow account to Plaintiff. It is up to Plaintiff to determine how those funds are allocated. (Signed by Magistrate Judge Valerie Figueredo on 10/5/2026) (jca) (Entered: 10/05/2026) |

I explained to Mr. Ciacci, to no avail, that relinquishing the funds to my firm, counsel of record to Plaintiff from the inception of this case is doing so "to Plaintiff." The Court previously confirmed that my firm remains counsel of record, despite another firm previously attempting to appear in an apparent appeal that it will handle for Ms. Hall.

I submit to the Court that none of the above justifies Mr. Ciacci's continued withholding of the funds from my firm. We have a charging lien on these funds, and since the case's inception, an agreement with Plaintiff as to their disbursement.

I now, for a second time, must unfortunately request a further Order of Court specifically directing Mr. Ciacci to turnover ½ of the escrow funds to my Firm "as attorneys for Plaintiff", which will then disbursed in accordance with the agreement between Ms. Hall and my firm.

Thanking the Court for its consideration in this matter.

Very truly yours,

*Jeffrey Benjamin*

Attorneys for Plaintiff

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: October 9, 2026**

Within five (5) business days, Walter Ciacci is hereby ordered to provide Plaintiff a check in her name in the amount of half the funds being held in escrow. Plaintiff can allocate the funds to her counsel after she receives the check, if that is consistent with Plaintiff's agreement with her counsel.